

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2004

# Olick v. Dippel

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3093

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Olick v. Dippel" (2004). *2004 Decisions*. Paper 916.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/916

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3093
_____

THOMAS W. OLICK

v.

EDISON DIPPEL; JEAN DIPPEL;
WAYNE DIPPEL; PATSY LAROSA;
WAYNE GRIFFITHS; THOMAS NIKLES


Thomas Nikles, Joseph DiMento and
DiMento General Agency,

Appellants


_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 93-cv-01495)
District Judge:  The Honorable Clifford Scott Green


_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2004

BEFORE: SLOVITER, NYGAARD, Circuit Judges.
and SHADUR,* District Judge.

___

*    Honorable Milton I. Shadur, Senior District Judge for the United States District
Court for the Northern District of Illinois, sitting by designation.

_____

## OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Thomas Nikles, Joseph DiMento, and the DiMento General Agency (collectively, "the appellants") appeal the District Court's order confirming an arbitration award entered by the National Association of Securities Dealers Dispute Resolution ("NASD") in favor of appellee Thomas W. Olick. Appellants argued before the NASD and the District Court that the award was precluded on *res judicata* grounds. Their arguments were rejected below and they appealed. We will affirm.

## I.

This case is one in a series of lawsuits arising out of allegedly fraudulent transactions by dealers at John Hancock Distributors, Inc. ("Hancock"). At the time of the transactions, Olick and Nikles were representatives of Hancock. DiMento, through the DiMento General Agency, was the Hancock agent responsible for supervising Olick and Nikles.

A group of plaintiffs led by John Carroll sued Hancock, Olick, DiMento, the DiMento General Agency, and fifteen others, advancing claims under several state and federal statutes. The District Court in the *Carroll* lawsuit denied, as untimely and meritless, Olick's motion seeking to assert cross-claims against DiMento and Hancock

2

and third-party claims against Nikles. Appellants' App. at 101. The Court later dismissed the case with prejudice. Appellants' App. at 148.

Before the Court ruled in *Carroll*, Olick filed a federal lawsuit alleging that Nikles had slandered and defamed him, interfered with business relations, and committed RICO violations. The District Court remanded the case to NASD arbitration. Appellants' App. at 64. In arbitration, the case against Nikles was consolidated with a similar lawsuit brought by Olick against Hancock, DiMento, and Larry Carter.

Hancock sought a declaration from the District Court that the claims to be arbitrated were barred under *res judicata*, because they arose from the same facts as those asserted in the cross-claim in *Carroll*. The District Court dismissed Hancock's complaint, but on appeal we stated that "the federal courts must intervene in the arbitration process when faced with res judicata objections stemming from a prior federal judgment." *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 139 (3d Cir. 1998). On remand, the District Court granted Hancock's motion for summary judgment on the basis that Olick's claims were barred under *res judicata*. Appellants' App. at 92. We affirmed. *John Hancock Distribs., Inc. v. Olick*, 202 F.3d 254 (Table) (3d Cir. Sept. 10, 1999) (per curiam), Appellants' App. at 103. The NASD thus removed Hancock and Carter from the case awaiting arbitration. Appellants' App. at 110.

As the only remaining defendants in the case, appellants asserted a *res judicata* defense. Appellants' App. at 112. The NASD arbitrator rejected the defense and entered an award in favor of Olick. The appellants filed a motion in the District Court to

3

vacate the arbitration award, but this motion was denied. Appellants' App. at 3. Appellants appealed and we dismissed because the appeal was not from a final order. Appellants' App. at 180. Appellants now appeal from a final order of the District Court confirming the award entered by the NASD. Appellants' App. at 3. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D).

## II.

Appellants argue that by rejecting their *res judicata* claim, the District Court has created a direct conflict with the earlier opinion, affirmed by this court, dismissing Hancock and Carter from the lawsuit on the basis of *res judicata*. According to appellants, they meet the requirements to apply *res judicata*: (1) there was a final judgment on the merits in *Carroll*; (2) involving the same parties or, as here, their privies; and (3) the cause of action and underlying facts were the same. *See, e.g., In re Cont'l Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002). Appellants thus ask us to reverse the District Court's order refusing to vacate the arbitration award and to rule as a matter of law that Olick's claims against appellants are barred by *res judicata*.

Addressing appellants' concern that the arbitration panel acted in manifest disregard of the law by refusing to apply *res judicata*, the District Court stated "the arbitration panel did not disregard the Third Circuit's order . . . , but . . . apparently [found] that one or more of the required elements of *res judicata* had not been met. Even assuming arguendo that this decision is in error, it is not in manifest disregard of the law."

4

Appellants' App. at 8. Like the District Court, we do not see a conflict between the earlier decision granting summary judgment to Hancock and the result here.

In *Hancock,* we held that the courts, rather than an arbitrator, should make decisions about the applicability of *res judicata* based on a prior federal judgment. That decision, however, was dependent upon the procedural posture in that case. 151 F.3d at 134 (noting that in addition to asking the arbitration panel to dismiss the claim based on *res judicata*, "Hancock filed a complaint in the District Court," and thus the arbitration proceeding is still pending). "[F]ederal courts must intervene in the arbitration process *when faced with res judicata objections* stemming from a prior federal judgment." *Id.* at 139 (emphasis added).

In the present case, appellants did not make a motion to the District Court alleging *res judicata*, but instead argued that doctrine only as a defense before the arbitrator. This distinction from *Hancock* is determinative. Appellants' plea to the District Court after the arbitration award was entered, in the form of a motion to vacate, was too little too late. The District Court had no authority to vacate the arbitration award under the Federal Arbitration Act, 9 U.S.C. § 10(a). Thus, appellants resorted to the judicially created doctrine that allows a District Court to vacate an award made in "manifest disregard of the law." *Dluhos v. Strasberg,* 321 F.3d 365, 370 (3d Cir. 2003) (quotation omitted). Under that extremely deferential standard, the District Court was unable to analyze the *res judicata* issue anew, and thus correctly held that it could not vacate the award.

**III.**

For the reasons set forth, we will affirm the District Court's order confirming the arbitration award.